Case No. 22-4012

IN THE UNITED STATES COURT OF APPEALS
FOR THE TENTH CIRCUIT

Linda P. Smith,
    *Plaintiff-Appellant,*

v.

Xavier Becerra, in his official capacity as
Secretary of the United States Department of
Health and Human Services,
    *Defendant-Appellee.*

On Appeal from the United States District Court
for the District of Utah
The Honorable Howard C. Nielson, Jr.
Case No. 21-CV-00047-HCN

**PLAINTIFF-APPELLANT LINDA SMITH'S REPLY IN SUPPORT OF
HER PETITION FOR REHEARING/REHEARING EN BANC**

Phillip Wm. Lear
Lear & Lear PLLC
808 E South Temple Street
Salt Lake City, UT 84102
Telephone: (801) 538-5000
Facsimile: (801) 538-5001
Email: phillip.lear@learlaw.com

James C. Pistorino
Parrish Law Office
788 Washington Rd.
Pittsburgh, PA 15228
Telephone: (412) 561-6250
Email: james@dparrishlaw.com

Counsel for Linda P. Smith,
Plaintiff-Appellant

Dated: November 17, 2022

Pursuant to this Court's Order of November 7, 2022, Mrs. Smith respectfully submits this Reply solely to address the new arguments and latest changes-of-position offered by the Secretary in his Opposition to her Petition.[1] For the reasons set forth herein and in Smith's Petition, rehearing/rehearing *en banc* should be granted because this case is not properly determined to have been rendered moot by the Secretary's allegedly "voluntary actions" and because Mrs. Smith is entitled to obtain a final judgment with enforceable findings, *inter alia*, that the Secretary's failures to comply with 42 U.S.C. § 1395hh were unlawful and that her CGM devices at issue are (and have always been) durable medical equipment primarily used to serve the medical purpose of treating her chronic diabetes condition.

In assessing the Secretary's professed "good faith" in finally repealing CMS-1682-R which mandated denial of Medicare claims for CGM coverage since 2017, the Panel erred in failing to recognize that the Secretary had already been adjudged to have acted in "bad faith" when adopting the baseless policies embodied in 1682-R, which reflected the Secretary's arbitrary and insupportable declarations that CGM devices are not "durable medical equipment" because they are not "primarily and customarily used to serve a medical purpose." *See Olsen v. Becerra*, 2021 WL 3683360 (E.D. Wa. April 20, 2021). Indeed, all of the "mootness" arguments

---

[1] For convenience and clarity, this Reply adopts the abbreviations previously listed in Mrs. Smith's two predicate motions.

1

offered by the Secretary based on his alleged "good faith" in suddenly developing an "intent" to follow the law and in belatedly retracting his illegal bases for denying CGM claims should have been evaluated in light of the Secretary's years-long bad faith misconduct rather than by applying this Circuit's burden-lowering presumption of "good faith" for government actors which "voluntarily" cease challenged conduct. *See* Petition 2, 11 (and cases cited). The Panel's decision to accord a "good faith" presumption to an adjudicated "bad faith" actor warrants rehearing and reversal of the panel's mootness conclusion.

To the extent that any portion of the Grasso' Declaration is not stricken, Mrs. Smith replies as follows. With regard to the Secretary's attempt to explain away his most recent denial of one of her CGM claims, Mrs. Smith understands the Secretary to be asking the Court to disregard this denial as just yet another "mistake" that resulted in the denial of a claim for CGM coverage.[2] Opposition 8-10. The Secretary even contends that it made a mistake in paying one of Mrs.

---

[2] Mrs. Smith submits that no one would be able to determine what the Secretary now alleges was the basis for denying her claim from the denial decision itself. Moreover, few Medicare insureds have access to counsel or the ability to pursue multiple pending cases to identify and correct the Secretary's litany of "mistakes" in a timely fashion. In this regard, it should be noted that the Secretary's own regulations preclude attorneys from being compensated without permission of the Secretary or for being compensated for work performed prior to the ALJ hearing stage of the Medicare appeal process. *See* 42 C.F.R. § 405.910(f)(1). Thus, unrepresented, elderly, ill persons are presented with undecipherable denials without the benefit of counsel.

Smith's other claims that contained the same coding error while graciously agreeing not to seek recoupment of that payment (as there would be no grounds for doing so). Opposition 10 n.3.

Despite the Secretary's revisionist history (Opposition 1, 6) suggesting that it was also just a "mistake" for the Secretary to have applied CMS-1682-R to deny Mrs. Smith's other CGM claims, the Secretary's "mistakes" have forced Mrs. Smith to litigate her denied claims through the five-level Medicare appeal process, including the present claim that reached district court and then this Court. The same bad-faith "mistake" at issue here has resulted in the erroneous denials of more than 275,000 similar CGM claims for the other district court plaintiffs (Olsen, Lewis, and Sargent) and more than 80,000 other people. Given that it is the Secretary's "heavy burden" to establish that it would be unreasonable to expect the Secretary to avoid making the same "mistakes" going forward, such burden should never have been deemed to have been satisfied where those "mistakes" stemmed from demonstrated bad faith and illegal policies. In order to protect herself from the Secretary's repeated and intentionally-chosen "mistakes," this case cannot be moot until Mrs. Smith receives an express judicial finding establishing that her CGM device constitutes "durable medical equipment" as well as the other relief sought.

As Mrs. Smith explained, a significant factor to be considered when determining whether a case has become moot is whether the defendant continues to

3

defend the legality of his prior challenged conduct. *See* Petition at 4, 14. The Secretary's Opposition asserts that "the Secretary does *not* continue to defend its prior policy of denying coverage of adjunctive CGMs." Opposition 14. Throughout this case, however, the Secretary has denied Smith's allegations that the Secretary acted illegally in issuing CMS 1682-R by failing to comply with the notice and comment provisions of 42 U.S.C. § 1395hh and the Secretary has further contended that the Courts are powerless to address his illegality in any event. That is the same position that the Secretary has asserted in both the *Olsen II* and *Lewis* cases.

Indeed, at the appellate oral argument in this case, the Secretary both ignored the prior express "bad faith" determination in *Olsen* while asserting that the Secretary remained entitled to apply the illegal/discredited CMS-1682-R ruling in the face of directly contrary judicial determinations:

> First, I don't think there has been a history of bad faith. Even after some district courts have ruled that continuous glucose monitors are durable medical equipment, *CMS did continue to apply the 2017 CMS ruling, as it was entitled to do*, with regard to other Medicare beneficiaries or other claims.
>
> Of course, if there had been a Court of Appeals ruling on that issue, CMS would have had a different policy within that circuit. If there had been a Supreme Court ruling, of course, that would have been definitive. But *CMS was entitled to continue to apply that ruling* and continue to test the ruling in court.

4

Transcript at 26:1-15 (emphasis added). Moreover, despite the qualification above, the Secretary continued to use CMS-1682-R to deny subsequent CGM claims, even those filed by the same plaintiffs that had already prevailed against the Secretary in district court on the identical issues.

In this regard, the Secretary is in the same position as was the defendant union in *Knox v. S.E.I.U. Local 1000*, 567 U.S. 298 (2012). There, while not conceding the illegality of its policy, the defendant stopped imposing its "Political Fight-Back Fee" (and offered a refund) and argued that the cessation of the challenged conduct rendered the case moot. Noting the union's continued defense of the prior policy, the Supreme Court disagreed. *Id.* at 307. Similarly, it rings hollow for the Secretary to content at this advanced stage of the parties' litigation that he has no intention of continuing to defend his prior policy, and it would be unreasonable to accept that he never would.

In her Petition, Smith explained why it was error for the Panel to have relied on the Secretary's issuance of the TDL within 3 months of the oral argument as evidence of the Secretary's efforts (Petition at 7), when the TDL itself issued in violation of the notice and comment provisions (just like CMS 1682-R had been). Thus, the improper enactment of the intervening TDL should never have provided a legitimate basis for concluding that the Secretary had met his "heavy burden" of

5

showing that it could not reasonably be expected that the Secretary would engage in that same conduct in the future.

Of course, issuance of the TDL itself was unlawful for violating the statutory notice and comment provisions. It demonstrates that the Secretary remains willing to issue rulings in violation of the statutory requirements. This conduct belies the Panel's conclusion that the notice and comment provisions would prevent the Secretary from repeating that conduct with respect to CGMs (*i.e.*, "effectiveness of discontinuance"). Indeed, Smith notes that the TDL violation occurred *after* the Secretary issued the "final rule", which both the Panel and the Secretary point to as evidence of the Secretary's newfound commitment to the rule of law. Thus, again, the Panel's conclusion that TDL supports a finding of mootness is belied by the basic facts of this case.

In a telling passage, the Secretary contends that this Court should agree that it is "beside the point" that the Secretary, again, engaged in the complained of conduct by issuing the TDL. Opposition 12-13. It is precisely this indifference to the statutory requirements and the continued intentional violation of the laws passed by Congress that led the Secretary to issue CMS 1682-R, which caused so much suffering and death. When the defendant asserts that it is "beside the point" that he, again, engaged in the complained of conduct, the defendant cannot meet his "heavy burden" to show mootness.

6

Finally, the Secretary alleges that he had been engaged in a "lengthy process to review and revise its policy concerning CGMs." Opposition 13. No facts concerning the alleged "process" have ever been offered and nothing prevented the Secretary from ceasing his illegal activity in enforcing CMS 1682-R at any time. Instead, the Secretary continued to deny ~13,000 CGM claims/month, even after a "bad faith" finding. It was only when there was a litigation gun against his head (in the form of *Olsen II* and the appeal in this case), that the changes started coming first to avoid judicial review and then to avoid any express adverse judgment and findings by the courts. Such behavior should not have been rewarded. The continuation of illegal conduct (after clear notice) for a "lengthy" period and the piecemeal efforts designed merely to avoid judicial review should not have supported the Panel's mootness finding, they actually support the opposite conclusion by establishing that the "duration"/"character of the complained of conduct" would have continued unabated but for the persistence and success of the plaintiff's legal challenges.

For the reasons stated herein and in the Petition, rehearing should be granted, the mootness finding vacated, and the case remanded for entry of judgment and express findings in Mrs. Smith's favor on her requested forms of relief.

Dated:  November 17, 2022

Respectfully submitted,

/s James C. Pistorino_____
Parrish Law Office
788 Washington Road
Pittsburgh, PA  15228
Telephone:  (412) 561-6250
Email:  james@dparrishlaw.com

/s Phillip Lear_____
Phillip Wm. Lear
Lear & Lear PLLC
808 E South Temple Street
Salt Lake City, UT 84102
Telephone:  (801) 538-5000
Facsimile:       (801) 538-5001
Email:  phillip.lear@learlaw.com
Counsel for Linda P. Smith,
Plaintiff-Appellant

## CERTIFICATE OF COMPLIANCE

Pursuant to FED.R.APP. 40, the undersigned hereby certifies that, excluding the items listed in FED.R.APP. 32, the attached reply is 1,723 words long as measured using Microsoft Word.

Dated:  November 17, 2022        Respectfully submitted,

/s James C. Pistorino_____
Parrish Law Office
788 Washington Road
Pittsburgh, PA  15228
Telephone:  (412) 561-6250
Email:  james@dparrishlaw.com

/s Phillip Lear_____
Phillip Wm. Lear
Lear & Lear PLLC
808 E South Temple Street
Salt Lake City, UT 84102
Telephone:  (801) 538-5000
Facsimile:  (801) 538-5001
Email:  phillip.lear@learlaw.com
Counsel for Linda P. Smith,
Plaintiff-Appellant