# IN THE UNITED STATES COURT OF APPEALS
# FOR THE TENTH CIRCUIT

| | |
|---|---|
| LINDA P. SMITH,<br><br>Plaintiff-Appellant,<br><br>v.<br><br>XAVIER BECERRA, in his capacity as Secretary, United States Department of Health and Human Services,<br><br>Defendant-Appellee. | No. 22-4012 |

## MOTION TO REMAND FEES PETITION TO DISTRICT COURT AND TO HOLD PETITION IN ABEYANCE PENDING RESOLUTION OF MOTION TO REMAND

Pursuant to Federal Rule of Appellate Procedure 27 and Tenth Circuit Rule 27, defendant-appellee the Secretary of Health and Human Services hereby respectfully moves to remand the fees proceedings in this case to the district court. In the interest of judicial economy, the Secretary further respectfully requests that the Court hold the fees proceedings in abeyance until the Court rules on this motion, such that if the remand motion is denied, the Secretary would have 14 days after the Court rules on this motion to respond to the fees petition. Counsel for plaintiff-appellant Smith has informed the undersigned that plaintiff opposes this motion.

# STATEMENT

This case arises out of the denial of three claims for Medicare coverage filed by plaintiff or on her behalf between 2016 and 2018: one claim for an insulin pump with an integrated continuous glucose monitor (CGM) and two claims for disposable glucose sensors used with the pump. *Smith v. Becerra*, 44 F.4th 1238, 1243-1244 (10th Cir. 2022). In denying those claims, the Medicare Appeals Council stated that its decision was consistent with a 2017 ruling issued by the Centers for Medicare & Medicaid (CMS) providing that adjunctive CGMs—that is, continuous glucose monitors not approved for use in making treatment decisions—are not covered under Medicare Part B as durable medical equipment. *Id.* at 1241.

After plaintiff filed the complaint in this case, the Secretary admitted that Medicare administrators erred by denying coverage. *Smith*, 44 F.4th at 1244. The Secretary requested that the district court enter judgment in favor of plaintiff and remand to the agency for payment of plaintiff's claims. *Id.* Despite the Secretary's confession of error, the district court initially allowed the case to proceed. *Id.* In December 2021, however, CMS issued a final rule classifying CGMs as durable medical equipment covered by Medicare Part B. *Id.* at 1245. Based on this regulatory change, the Secretary renewed his request for the court to enter judgment in favor of plaintiff. *Id.* In January 2022, the district court entered judgment—over plaintiff's objection—remanding the matter to the Secretary with instructions to pay plaintiff's three claims. *Id.*

Plaintiff filed this appeal. While the appeal was pending, CMS gave further effect to the 2021 final rule by rescinding the 2017 ruling and ordering the 2021 final rule to be applied to all currently pending Medicare claims and appeals with earlier dates of service. *Smith*, 44 F.4th at 1245-1246. This Court then dismissed the appeal as moot. *Id.* at 1246-1247.

Plaintiff filed in this Court a request under the Equal Access to Justice Act, 28 U.S.C. § 2412(d)(1)(A), seeking nearly $200,000 in attorney's fees and expenses allegedly incurred in the present appeal. Plaintiff has informed the Secretary that she also intends to move in the district court for attorney's fees and expenses incurred in that forum. That motion is due January 16, 2023. *See* Dist. Ct. Dkt. No. 62.

**ARGUMENT**

1. Plaintiff's fees petition should be remanded to the district court, which can consider the petition together with plaintiff's forthcoming petition for district court fees. Courts of appeals have noted that the issue of attorney's fees is usually addressed by the district court in the first instance, whose decision is subject to review in the court of appeals for abuse of discretion. *See, e.g.*, *Oldcastle Precast, Inc. v. Liberty Mut. Ins. Co.*, 838 F. App'x 649, 652 (2d Cir. 2021) ("Oldcastle's application for fees and costs associated with this appeal may be pursued in the district court upon remand."); *Odeon Capital Grp. LLC v. Ackerman*, 864 F.3d 191, 199 (2d Cir. 2017) ("To the extent Ackerman seeks fees for defending this appeal, he must first direct his request to the district court. While appellate courts may determine appellate fees,

3

district courts are generally best suited to undertake such tasks in the first instance."); *Acosta v. Cathedral Buffet, Inc.*, 892 F.3d 819, 821 (6th Cir. 2018) ("[I]n the usual case in which fees are sought for the entire litigation, the determination of whether the government was 'substantially justified' … is for the district court to make." (quoting *Orn v. Astrue*, 511 F.3d 1217, 1219 (9th Cir. 2008) (alteration in original)); *Smith v. Detroit Bd. of Educ.*, 728 F.2d 359, 359-360 (6th Cir. 1984) ("[I]t is the preferred practice for attorney fee matters to be addressed by the district court in light of its fact-finding capability."); *see also Perkins v. Standard Oil Co.*, 399 U.S. 222, 223 (1970) (the Court's "failure to make explicit mention in the mandate of attorneys' fees simply left the matter open for consideration by the District Court[.]").  This Court has adopted that approach on occasion.  *See, e.g.*, Order, *North American Specialty Ins. Co. v. Britt Paulk Ins. Agency Inc.*, Nos. 07-7115 & 08-7000 (10th Cir. Sept. 30, 2009).

The practice of remanding a fees petition to the district court reflects the fact that the district court can bring to bear "insights not conveyed by the record," given its command of the full factual and legal context in which a fees petition has arisen. *Pierce v. Underwood*, 487 U.S. 552, 560 (1988).  "[E]ven where the district judge's full knowledge of the factual setting can be acquired by the appellate court, that acquisition will often come at unusual expense."  *Id.*  Furthermore, even if the appellate court could obtain the relevant background knowledge, "further fact-finding might be necessary" to determine the requester's entitlement to costs and fees and "to resolve disputes regarding the amount of that entitlement."  *Acosta*, 892 F.3d at 821.

"An appellate panel is simply not equipped to give proper consideration to the many-faceted factual disputes that may affect a claim for attorney's fees," which can involve "evidence," "affidavits," and "data and arguments concerning whether, under the overall circumstances of the case, a claimed fee is reasonable." *Dague v. City of Burlington*, 976 F.2d 801, 804 (2d Cir. 1991).

These principles counsel in favor of referring plaintiff's motion for appellate attorney's fees and expenses to the district court. The district court is well positioned to decide, in the first instance, whether the government's position was not "substantially justified," which is a prerequisite to assessing attorney's fees under 28 U.S.C. § 2412(d)(1)(A). That determination must be made based on the totality of the circumstances, as reflected in the entire record of this case. *See United States v. Charles Gyurman Land & Cattle Co.*, 836 F.2d 480, 485 (10th Cir. 1987). Remand is particularly appropriate where, as here, parallel fees petitions are filed (or will be filed) in district court and the court of appeals. Notably, plaintiff's fees petition does not allege that she is the prevailing party in *this* Court—a reasonable omission given that her appeal was dismissed—but rather that she is the prevailing party because the *district court* ordered coverage of her Medicare claims. The district court is best positioned to determine whether plaintiff was the prevailing party before that court.

The district court should also decide, in the first instance, whether any fees award should be reduced because plaintiff "engaged in conduct which unduly and unreasonably protracted the final resolution of the matter in controversy," 28 U.S.C.

§ 2412(d)(1)(C), after the Secretary confessed error in the district court. The district court is most familiar with the course of proceedings and plaintiff's conduct in that forum.

Consolidating fees-related issues in the district court would preserve the resources of this Court and the parties and avoid piecemeal consideration and disposition of the fees issues in this case, ensuring the petitions are decided consistently with each other. Of course, any decision of the district court would be subject to review in this Court.

2. Because the Secretary seeks an opportunity to brief plaintiff's fees petition in district court based on the complete record, the Secretary has not addressed the merits of plaintiff's motion here, and respectfully requests that the fees petition be held in abeyance pending resolution of this remand motion. If the Court denies the remand motion and elects to address the fees issue in the first instance, the Secretary respectfully requests an opportunity to respond to the petition. Should the motion be denied, the Secretary further requests that the time for responding to the fees petition be extended to fourteen days after the date of the denial.

## CONCLUSION

For these reasons, the government respectfully requests that this Court remand plaintiff's fees petition to the district court, to be resolved with any other request for fees. The government further requests that this Court hold the fees petition in abeyance while the Court considers this motion. If the government's motion is

denied, the government respectfully requests that the time for responding to the petition be extended to fourteen days after the date of the denial.

                                           Respectfully submitted,

                                           ABBY C. WRIGHT
                                           */s/ Joshua M. Koppel*
                                           JOSHUA M. KOPPEL
                                               (202) 514-4820
                                               Attorneys, Appellate Staff
                                               Civil Division, Room 7212
                                               U.S. Department of Justice
                                               950 Pennsylvania Ave., NW
                                               Washington, DC  20530

January 2023

## CERTIFICATE OF COMPLIANCE

Pursuant to Fed. R. App. P. 32(g), I hereby certify that this motion complies with the requirements of Fed. R. App. P. 27(d)(1)(E) because it has been prepared in 14-point Garamond, a proportionally spaced font, and that it complies with the type-volume limitation of Fed. R. App. P. 27(d)(2)(A) because it contains 1450 words, according to the count of Microsoft Word.

/s/ *Joshua M. Koppel*
Joshua M. Koppel